IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : 
: CIVIL ACTION NO. 25-CV-5723
SHADAYA MILLER :

**MEMORANDUM**

SCOTT, J.                                                                 ~~DECEMBER~~ January 8th, 2026

Currently before the Court is the Amended Complaint[1] filed by *pro se* Plaintiff Shadaya Miller alleging claims related to the conditions of her confinement at Chester County Prison ("CCP"). Miller seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss the Amended Complaint.

I.     FACTUAL ALLEGATIONS[2]

Miller names CCP as the sole Defendant in this matter. (Am. Compl. at 2.) She contends that since August 29, 2024, on "uncountable" occasions she has had to eat in her cell and the toilet is only six feet from the bedding area. (*Id.* at 4-5.) Miller claims that she has gotten sick as a result and that she contracted MRSA as well. (*Id.* at 5.) As relief, Miller requests monetary damages for each day that she has had to eat in her cell at CCP. (*Id.*)

---

[1] Miller commenced this action on October 2, 2025 by filing a Complaint. (ECF No. 1.) She failed to either pay the required filing fees or submit an application to proceed *in forma pauperis*. She also failed to file a proper Complaint. Consequently, by Order dated October 8, 2025, the Court instructed Miller as to the deficiencies in her initial submission and granted her thirty-days leave to correct them. (*See* ECF No. 3.) Because Miller failed to timely respond to the Court's Order, this matter was dismissed without prejudice for failure to prosecute on December 1, 2025. (ECF No. 4.) On December 4, 2025, Miller filed an application to proceed *in forma pauperis* (ECF No. 5), a prison account statement (ECF No. 6), and an Amended Complaint (ECF No. 7). The Court will construe the submissions as an effort to comply with the Court's October 8 Order and will vacate the December 1 dismissal Order.

[2] The following factual allegations are taken from the Amended Complaint. The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Miller leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Miller is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented

litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

Miller brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Miller, who represents that she is a convicted and sentenced state prisoner, alleges that she has been subjected to unsanitary conditions at CCP. (Am. Compl. at 3.) Even liberally construing Miller's allegations as this Court must, she has not alleged a plausible basis for a conditions-of-confinement claim.

As an initial matter, Miller presents her § 1983 claims directly against CCP but CCP is not a proper defendant. To bring claims under § 1983, the plaintiff must show a deprivation committed by a *person* acting under color of state law. *West*, 487 U.S. at 48 (emphasis added). A jail or correctional facility is not a "person" under § 1983, and thus, not an appropriate defendant in this action. *See Beaver v. Union Cnty. Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015) (*per curiam*) (affirming dismissal of claims against Northumberland County Prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *see also Edwards v. Bucks Cnty. Corr. Facility*, No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug.

13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

  Even if Miller had named an appropriate defendant, she has not presented a plausible conditions-of-confinement claim. The Eighth Amendment's prohibition of cruel and unusual punishment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). The Eighth Amendment requires prisons to provide humane conditions of confinement, including adequate food, shelter, clothing, and medical care. *Montanez v. Price*, 154 F.4th 127, 140 (3d Cir. 2025) (citations omitted). Courts apply a two-prong test to determine whether prison officials violated the Eighth Amendment: "(1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberately indifferent to inmate health or safety.'" *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (cleaned up)). "[W]here conditions are not 'cruel and unusual' but merely 'restrictive and even harsh,' they do not violate the Eighth Amendment but rather 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (*per curiam*) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Regarding the subjective component of the analysis, a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in

connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.").

Courts have generally held that requiring inmates to eat meals in a cell containing a toilet does not violate the Eighth Amendment. *See Horst v. Litz*, No. 23-00917, 2023 WL 4827077, at *3 (M.D. Pa. July 27, 2023) (allegations that plaintiff "must eat in his cell next to the toilet which leaks and doesn't always flush, that there is mold in the cell, that there is toothpaste on the walls, that no cleaning products are provided, and that he can smell sewage and other body smells" described conditions that were "undoubtedly uncomfortable," but did not constitute "a sufficiently serious deprivation (*i.e.*, a denial of one of life's necessities) such that [plaintiff] is facing a substantial risk of serious harm." (internal quotations and citation omitted)); *Alston v. George Little, P.A.*, No. 22-0183, 2023 WL 5943456, at *9 (W.D. Pa. May 15, 2023) (allegation that inmate was "forced to eat cold food inside of his cell next to a toilet" did not support a plausible inference that the plaintiff had been subjected to an objectively, sufficiently serious condition of confinement), *report and recommendation adopted sub nom. Alston v. Little*, No. 22-183, 2023 WL 5199580 (W.D. Pa. Aug. 14, 2023); *Moore v. Carbon Cnty. Corr. Facility*, No. 19-0233, 2020 WL 1486845, at *3 (M.D. Pa. Jan. 10, 2020) (allegation that prison staff "forced" plaintiff to eat in his cell near a toilet containing human waste did not rise to the extreme deprivation required to state an Eighth Amendment claim), *report and recommendation adopted*, No. 19-0233, 2020 WL 1446702 (M.D. Pa. Mar. 25, 2020); *Flores v. Wagner*, No. 11-1846, 2011 WL 2681596, at *5 (E.D. Pa. July 8, 2011) ("Requiring an inmate to eat in a cell a few feet away from a toilet is insufficient to implicate a conditions of confinement claim that is repugnant to contemporary standards of decency."). Accordingly, Miller has not plausibly alleged an Eighth Amendment violation.

Even if Miller's Amended Complaint could be construed as raising allegations pertaining to a time while she was housed as a pretrial detainee at CCP, the result would be the same. *See Hubbard*, 399 F.3d at 166 (distinguishing standards for evaluating conditions-of-confinement claims brought by convicted and sentenced prisoners under the Eighth Amendment from those brought by pretrial detainees under the Fourteenth Amendment); *see also Carroll v. George W. Hill Corr. Facility*, No. 22-1720, 2022 WL 17539212, at *9 (E.D. Pa. Dec. 8, 2022) ("Requiring inmates to eat in a cell, even one containing a toilet, does not violate the Constitution.") (citations omitted); *Randall v. Cnty. of Berks*, No. 14-5091, 2015 WL 5027542, at *15 (E.D. Pa. Aug. 24, 2015) ("[S]erving a pretrial detainee meals in a cell that can be eaten at his desk, even if the cell has a toilet, does not violate the Due Process Clause of the Fourteenth Amendment."); *Mestre v. Wagner*, No. 11-2191, 2012 WL 299652, at *4 & n.4 (E.D. Pa. Feb. 1, 2012) ("[A]s other courts have held, we conclude that serving a pretrial detainee meals in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Miller leave to proceed *in forma pauperis* and dismiss her Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Miller will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows, which dismisses this case, and which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

_____
KAI N. SCOTT, J.